UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDIA FERRER,<br><br>                Plaintiff,<br><br>v.<br><br>FCA US LLC, A Delaware Limited Liability Company; DOES 1 through 10, Inclusive,<br><br>                Defendant. | Case No.: 17-CV-0530-AJB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 10) |

      Presently before the Court is Plaintiff Nidia Ferrer's ("Ferrer") motion to remand. (Doc. No. 10.) Defendant FCA US LLC ("FCA") opposes the motion. (Doc. No. 14.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **DENIES** Ferrer's motion.

## BACKGROUND

      This dispute arises from FCA's alleged breach of warranty obligations owed to Ferrer for a new 2011 Jeep Wrangler ("Jeep") she purchased from FCA. Ferrer asserts FCA concealed a known defect from her, specifically, a defect with the totally integrated power

1

module ("TIPM"), which is responsible for controlling and distributing electrical power to the entire vehicle. (Doc. No. 1-3 ¶¶ 10, 13, 15.) Based on this concealment, Ferrer instituted this action in San Diego Superior Court on November 22, 2016, bringing causes of action for breaches of express and implied warranties in violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or "Act"), as well as a cause of action for fraudulent inducement/concealment under California state common law. (Doc. No. 1 ¶ 1.)

FCA removed the action to this Court on March 16, 2017, asserting the Court has diversity jurisdiction. (Doc. No. 1 at 1.) On April 18, 2017, Ferrer filed the instant motion to remand, arguing FCA has failed to carry its burden of establishing that the amount in controversy exceeds $75,000 and that the parties are completely diverse. (Doc. No. 10.) FCA filed an opposition, (Doc. No. 14), and Ferrer replied, (Doc. No. 17). On June 22, 2017, the Court ordered FCA to provide a warranty claim report reflecting the vehicle's mileage as of May 22, 2015, for purposes of calculating the amount in controversy. (Doc. No. 21.) FCA provided this information on June 23, 2017, (Doc. No. 22), and Ferrer did not respond, (*see* Doc. No. 23). This order follows.

## LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

"[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332(a)(1).

Complete diversity requires that the plaintiff's citizenship is diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996). Whether or not complete diversity is present is determined at the time of removal. *See Am. Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, (1938)).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also McNutt v. Gen. Motors Acceptance Corp., Inc.*, 298 U.S. 178, 189 (1936) (finding that the removing party must prove its allegations by a preponderance of the evidence). The Court takes this proof from the notice of removal and may, if it chooses, construe the opposition to the motion to remand as an amendment to the notice of removal. *See Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

## DISCUSSION

Ferrer argues three points that she contends require remand of this action to California state court: (1) FCA's amount-in-controversy calculation ignores California state law; (2) FCA, as a limited liability company ("LLC"), has not established the citizenship of its foreign member, nor has it established Ferrer's citizenship; and (3) comity dictates that this case be remanded to state court. (Doc. Nos. 10, 17.) The Court will consider each argument in turn.

### I. Amount in Controversy

In her complaint, Ferrer seeks, *inter alia*, "reimbursement of the price paid for the [Jeep] less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities" and "a civil penalty of up to two times the amount of actual damages in that FCA [] has willfully failed to comply with its responsibilities under the [Song-Beverly]

Act." (Doc. No. 1-3 ¶¶ 151, 154.) Ferrer asserts that FCA has not proven the amount in controversy exceeds $75,000. (Doc. No. 10-1 at 7–10; Doc. No. 17 at 6–8.)

Ferrer contends FCA's notice of removal improperly relies on an approximation of the cash price, but offers no explanation as to why this number is the proper figure to base the amount-in-controversy calculation on. (Doc. No. 10-1 at 8–9.) In response, FCA points to the retail installment sale contract ("RISC"), attached to the complaint, as well as FCA warranty claim reports, documents upon which it bases its calculation that the actual damages at issue are at least $37,150.66. (Doc. No. 14 at 16–17.)

California Civil Code section 1793.2(d)(2)(B) defines "restitution" in relevant part as "an amount equal to the actual price paid or payable by the buyer, . . . including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees[.]" Section 1793.2(d)(2)(C) goes on to permit the defendant to reduce the amount payable to the buyer "by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

The complaint does not allege the total amount sought with respect to these damages. However, as noted, the RISC is attached to the complaint. (Doc. No. 1-3 at 35–36.) The RISC lists the cash price of the vehicle as $25,282.00, finance charge as $10,918.08, document preparation fee as $55, sales tax as $2391.91, and DMV electronic filing fee as $29. (*Id.* at 35.) FCA predicates its actual damages analysis on these figures combined. (Doc. No. 14 at 17; *see* Doc. No. 1 ¶ 20.)[1] Given that the statute permits Ferrer to recover these costs, the Court finds FCA's use of the cash price, finance charge, and various taxes and fees appropriately estimates "the actual price paid or payable by" Ferrer.

---

[1] In the notice of removal, FCA asserted the purchase price of the Jeep, not including finance charges, exceeded $28,000. (Doc. No. 1 ¶ 20.) This assertion is supported by the RISC, which lists the total cash price as $28,279.41. (Doc. No. 1-3 at 35.)

4

As noted above, however, this figure does not end the inquiry. Rather, the restitution awardable under section 1793.2(d)(2)(B) must be reduced by the amount directly attributable to Ferrer's use of the Jeep prior to the first repair or attempted repair. This set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).

The complaint does not include the Jeep's mileage when Ferrer took it to the dealership for the first relevant repair. Rather, the complaint lists May 22, 2015, as the date she "delivered the [Jeep] to an authorized FCA [] repair facility for repair." (Doc. No. 1-3 ¶ 96.) FCA asserts that at the time of the first warrantable claim, the Jeep had 7535 miles on it. (Doc. No. 14 at 18.) Reviewing the warranty claim report, however, the Jeep had 7535 miles as of June 27, 2012. (Doc. No. 14-9 at 2.) FCA later provided information on the Jeep's mileage as of May 22, 2015, which shows the Jeep had 33,715 on that date. (Doc. No. 22-1 at 1.) When Ferrer purchased the Jeep, it had 2 miles on its odometer. (Doc. No. 14-9 at 2; *see* Doc. No. 1-3 at 35.) Accordingly, the Court finds FCA has presented sufficient evidence to establish it is more likely than not that the mileage attributable to Ferrer's use, for purposes of the instant motion, is 33,713. Utilizing the formula provided by section 1793.2(d)(2)(C), this results in a mileage offset of $10,865.70, which reduces the actual damages at issue to $27,810.29.

This does not end the inquiry either. In the complaint, Ferrer also seeks civil penalties. (Doc. No. 1-3 ¶ 154.) California Civil Code section 1794(c) and (e) permits a buyer to recover a civil penalty not to exceed two times the amount of actual damages where the buyer establishes the defendant's failure to comply with the Song-Beverly Act is willful. "Courts[,] as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Garcia v. FCA US, LLC*, No. 1:16-cv-00730-DAD-BAM, 2016 WL 4445337, at *4 (E.D. Cal. Aug. 24, 2016) (quoting

*Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007)); *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting district courts can consider treble damages where authorized by statute). Here, the Act permits recovery of up to two times actual damages. Because Ferrer "is seeking recovery from a pot that [FCA] has shown could exceed [$75,000] and [Ferrer] has neither acknowledged nor sought to establish that the [] recovery is potentially any less," the Court finds inclusion of a full civil penalty award is appropriate. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); *see also id.* at 401 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008))).

As determined above, the actual damages figure at issue is $27,810.29. When trebled, the amount in controversy, exclusive of incidental and consequential damages, and attorney's fees and costs, is $83,430.87. Because this figure exceeds the jurisdictional threshold, the Court finds FCA has carried its burden as to the amount in controversy. *Garcia*, 2016 WL 4445337, at *4.

## II. Diversity of Citizenship

Ferrer next argues that FCA, as an LLC, has failed to establish the citizenship of its foreign member. (Doc. No. 10-1 at 10–12; Doc. No. 17 at 4–6.) Ferrer also asserts FCA has failed to establish Ferrer's citizenship. (Doc. No. 17 at 3–4.) In opposition, FCA asks the Court to consider Book 2 of the Dutch Civil Code, Article 2:64-1, which states that "[a]n Open Corporation ('*naamloze vennootschap*') is a legal person . . . ." (Doc. No. 14 at 10–14.) FCA argues that its ultimate owner is a naamloze vennotschap ("N.V."); accordingly, FCA is a citizen of the Netherlands and thus diverse from Ferrer. (*Id.*)

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (*e.g.*, complete diversity). *Caterpillar Inc.*, 519 U.S. at 68. For purposes of diversity, an LLC is a citizen of every state in which its

"owners/members" are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). "Section 1332(a)(2) applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it." *Cohn v. Rosenfeld*, 733 F.2d 625, 629 (9th Cir. 1984). A "juridical person" is an "entity, such as a corporation, created by law and given certain legal rights and duties of a human being[.]" Black's Law Dictionary 979, 1324–25 (10th ed. 2014). Factors relevant to whether an entity is a juridical person include the entity's ability to sue and be sued in its own name, whether any recovery in such litigation becomes an asset of the entity, and whether the laws of the foreign country recognize the entity as a legally independent organized enterprise. *Cohn*, 733 F.2d at 629.

In the notice of removal and accompanying declaration, FCA explained it is an LLC organized under the laws of the State of Delaware. (Doc. No. 1 ¶ 12; Doc. No. 1-2 ¶ 2.) Its sole member is FCA North American Holding LLC, also a limited liability company organized under the laws of the State of Delaware. (Doc. No. 1 ¶ 12; Doc. No. 1-2 ¶ 3.) In turn, FCA North American Holding LLC's sole member is Fiat Chrysler Automobiles, N.V. ("Fiat N.V."), which is a publicly traded company incorporated under the laws of the Netherlands with its principal place of business in London, England. (Doc. No. 1 ¶ 12; Doc. No. 1-2 ¶ 4.)

It is Fiat N.V.'s citizenship that Ferrer contends FCA has failed to establish by a preponderance of evidence. Specifically, Ferrer asserts Kris Krueger's declaration fails to establish that Fiat N.V. is a juridical person under the laws of the Netherlands because the Krueger declaration is conclusory, contains improper legal conclusions, lacks foundation, and lacks any documentary evidence. (Doc. No. 10-1 at 11–12.)

The Court overrules Ferrer's objections. Federal Rule of Civil Procedure 44.1 provides, "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." As such, FCA's evidence need not pass muster under the

7

17-CV-0530-AJB-BGS

Federal Rules of Evidence to be considered on the instant motion.[2] Having considered Krueger's declaration, along with Scott Shepardson's declaration and the accompanying translation of the Dutch Civil Code provided, the Court is satisfied that FCA has proven it is more likely than not a citizen of the Netherlands.[3] The Dutch Civil Code provides that an N.V. is a "legal person" that can, *inter alia*, be held jointly and severally liable for its directors' juridical acts. (Doc. No. 14-2 at 2, 5.) The Court's conclusion is in keeping with those of other courts, finding N.V.s to be foreign entities. *See Garcia*, 2016 WL 4445337, at *3 (finding FCA "adequately asserted and established that [Fiat N.V.] is a juridical person under the laws of Netherlands and that [FCA] is not a citizen of California"); *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 20 (D.D.C. 2005) (dismissing foreign plaintiffs' claims against defendant N.V. because 28 U.S.C. § 1332 "does not confer jurisdiction over suits by a group consisting of only foreign persons against another foreign person").

Ferrer further asserts that remand is appropriate because FCA has failed to establish that Ferrer is a citizen of California. (Doc. No. 17 at 3–4.) In the notice of removal, FCA stated Ferrer is a citizen and resident of California. (Doc. No. 1 ¶ 11.) That statement references the complaint, which simply states that Ferrer "is an individual residing in the City of Vista, County of San Diego, and State of California." (Doc. No. 1-3 ¶ 2.) Ferrer argues that because the complaint does not allege that he is a citizen of California, and because the notice of removal relies on the complaint, FCA has failed to prove Ferrer's citizenship for purposes of removal. (Doc. No. 17 at 3–4.)

---

[2] For this reason, the Court **DENIES** Ferrer's request for jurisdictional discovery. (Doc. No. 10-1 at 12.)

[3] Ferrer also raises evidentiary objections to the Shepardson declaration. (Doc. No. 17-4.) First, Ferrer's filing violates the undersigned's Civil Case Procedures, which require that objections relating to the motion be set forth in the party's opposition or reply. Second, the Court **OVERRULES** the objections based on Federal Rule of Civil Procedure 44.1.

If the record contained only the information Ferrer asserts it does, the Court would agree. "The natural person's state citizenship is [] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). However, while Ferrer stated in the complaint that he is a resident of California, the civil cover sheet clarifies that Ferrer is also a California citizen. (Doc. No. 1-1 at 1.) In Item III, Ferrer indicated she is a citizen of this (*e.g.*, California) state. (*Id.*) In the absence of any evidence or argument to the contrary, the record supports finding it is more likely than not that Ferrer is a citizen of California. *See Lastra v. PHH Mortg. Corp.*, No. 10cv2573–LAB (BLM), 2011 WL 768135, at *1 n.2 (S.D. Cal. Feb. 28, 2011) (noting that defendant intended to allege plaintiff is a citizen of California given that the civil cover sheet identifies plaintiff as such). In sum, the Court finds FCA has carried its burden of establishing diversity jurisdiction.

### III. Comity

Ferrer lastly asserts that the Court should decline jurisdiction on comity principles because this case involves "consideration of numerous state-specific issues on sensitive, uniquely state-law issues of regulation and statutory interpretation." (Doc. No. 10-1 at 3–5.) As a federal district court located within the State of California, this is not the Court's first case dealing with claims predicated on the Song-Beverly Act or similar California state consumer protection laws. As such, the Court is confident in its ability to faithfully interpret and apply California state law to the issues of this case. While the Court is cognizant that Ferrer has litigated this case for several months in state court, Ferrer should rest assured that this district seeks to move cases quickly in keeping with the spirit of Federal Rule of Civil Procedure 16. The Court therefore declines to remand this case based upon principles of comity.

//

## CONCLUSION

Based on the foregoing, Ferrer's motion to remand is **DENIED**. (Doc. No. 10.) Because the Court denies his motion, Ferrer's request for attorney's fees and costs is also **DENIED**. (Doc. No. 10-1 at 12–13.) The parties' requests for jurisdictional discovery are **DENIED**. (*Id.* at 12; Doc. No. 14 at 21–22.)

**IT IS SO ORDERED.**

Dated: July 6, 2017

Hon. Anthony J. Battaglia
United States District Judge